

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CR-00630-AGF |
| ) | |
| KYLE STOLBERG, ) | |
| ) | |
| Defendant. ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant Kyle Stolberg, represented by defense counsel Justin K. Gelfand, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count Five of the Indictment, the government agrees that no further federal prosecution will be brought in this District relative to any other violations of federal law by the defendant, of which the Government is aware at this time.

1

KJO&

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that the parties shall jointly request a sentence of Probation for a term of 2 years. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

### 3. ELEMENTS:

As to Count Five of the Indictment, the defendant admits to knowingly violating Title 18, United States Code, Section 922(j), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(i) The Defendant knowingly possessed a firearm;

(ii) The firearm was stolen;

(iii) The firearm had been shipped or transported in interstate or foreign commerce before or after being stolen; and

(iv) The Defendant knew or had reasonable cause to believe that the firearm was stolen.

### 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On June 26, 2020, at approximately 3:30 am, officers of the Hannibal Police Department in Hannibal, Missouri, were dispatched to a call for an alarm sounding at Farm and Home, where they discovered that a burglary had occurred. Farm and Home is a Federal Firearms Licensee, which is licensed to engage in the business of dealing in firearms. Officers found that several

2

firearms, including multiple Kimber handguns, had been taken from the inventory of Farm and Home in the burglary. Hannibal is located in Marion County and within the Eastern District of Missouri.

In August 2020, a special Agent with the ATF, learned that the Dalton Culp, of Hannibal, Missouri, had a firearm that he was offering for sale. The ATF agent acted in an undercover capacity and contacted the Dalton Culp via telephone calls and text messages. Through these contacts, Dalton Culp offered to sell the ATF agent a Kimber 9mm pistol for $750. On September 3, 2020, the ATF agent arranged to meet with the Dalton Culp in Hannibal to complete the undercover purchase of the firearm. The ATF agent met with the Dalton Culp, and he gave the ATF agent a Kimber 9mm pistol in exchange for $750. The ATF agent examined the pistol and discovered that the serial number had been partially obliterated.

On September 24, 2020, Dalton Culp was arrested and interviewed by ATF agents. Dalton Culp admitted his role in the burglary and theft of firearms from Farm and Home on June 26, 2020. Dalton Culp stated that on the night of the burglary, he rode to Farm and Home in a car with two of his younger cousins and another man. Dalton Culp stated that he and the other man broke into Farm and Home and stole multiple firearms while his two younger cousins remained with the car outside. Dalton Culp identified the Defendant, Kyle Stolberg, as one of his cousins who was present at Farm and Home and waited at the car during the burglary. Dalton Culp stated that after the burglary, he removed the gun locks from the stolen firearms and removed the serial numbers. Dalton Culp stated that he gave one of the stolen firearms to the Defendant, Kyle Stolberg. Dalton Culp stated that after that firearm was stolen from the Defendant, Culp gave the Defendant a second stolen firearm.



On September 24, 2020, the Defendant was interviewed about the Farm and Home burglary. The Defendant stated that prior to the night of the burglary, the Defendant had heard Dalton Culp discussing plans to break into Farm and Home, but the Defendant had refused to assist. The Defendant stated that on the night of the burglary, the Defendant was riding in a car driven by his younger brother, along with Dalton Culp and another man. The Defendant stated that the car stopped outside of Farm and Home, and Dalton Culp and the other man put on masks and went toward the store. The Defendant heard the alarms sound, and Dalton Culp and the other man ran back to the car. The group drove back to Dalton Culp's house, and later that night, Culp gave the Defendant a handgun with the serial number removed. The Defendant stated that the first firearm that he received from Dalton Culp was, in turn, stolen from the Defendant. The Defendant stated that Dalton Culp then gave the Defendant a second firearm, which the Defendant threw into a river.

ATF agents confirmed that none of the seven firearms that was stolen from Farm and Home was manufactured in the State of Missouri, and, therefore, all had travelled in and affecting interstate commerce in order to have been physically present in Missouri on June 26, 2020. All of the firearms that were stolen from Farm and Home were designed to expel a projectile by the action of an explosive – and, as such, are firearms under federal law.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for Count Five is imprisonment of not more than 10 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than three years.

4



**6. U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**a. Chapter 2 Offense Conduct:**

**(1) Base Offense Level:** The parties agree that the base offense level is found in Section 2K2.1 and depends on the nature of the firearm, the defendant's criminal history and other factors therein.

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

Possession of a stolen firearm with an obliterated serial number—pursuant to Section 2K2.1(b)(4), because the offense involved a stolen firearm with an obliterated serial number, 4 levels are added.

Possession of a firearm in connection with another felony offense—pursuant to Section 2K2.1(b)(6), because the Defendant possessed a firearm in connection with another felony offense, 4 levels are added.

**b. Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon

Case: 4:20-cr-00630-AGF   Doc. #: 139   Filed: 10/06/22   Page: 6 of 12 PageID #: 446



information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2) Other Adjustments:** The parties agree that the following additional adjustments apply: None.

**c. Estimated Total Offense Level:** The parties estimate that the Total Offense Level is as found in Sentencing Guidelines § 2K2.1, as adjusted above, unless defendant is an Armed Career Criminal. Depending on the underlying offense and defendant's criminal history, defendant could be an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4. If the Court finds defendant is an Armed Career Criminal, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not an Armed Career Criminal.

**d. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**e. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen

6

all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s). Defendant further waives his right to appeal his conviction on the basis that the indictment did not adequately allege the elements, including any requisite mens rea as to the Defendant's prohibited status, of the offense(s) for which the Defendant is pleading guilty.

**(2) Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant to a term of Probation, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant to a term of Probation.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States

7

Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code,

Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to



require the government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.



## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except



where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

9/1/22
Date

Donald S. Boyce #6282562IL
Assistant United States Attorney

8-23-22
Date

Kyle Stolberg
Defendant

9/1/2022
Date

Justin K. Gelfand #62285MO  6265MO
Attorney for Defendant

12